U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 0 9 2009

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION     BY

JASON ANDREW BATES                                                    PLAINTIFF

v.                                    Civil No. 09-5192

SHERIFF KEITH FERGUSON;
CAPTAIN ROBERT HOLLY;
LT. CARTER; DEPUTY COMPTON;
DEPUTY MORRISON; DEPUTY
HENNING; DEPUTY POTTER;
DEPUTY TUCKER; DEPUTY
FREEMAN; DEPUTY KING; DEPUTY
GUNTER; DEPUTY DUTY; DEPUTY
LEASE; DEPUTY WRIGHT; DEPUTY
KWYZLA; DEPUTY HALL; DEPUTY
OAKS; DEPUTY McCRAMMIE;
DEPUTY ACOSTA; and DEPUTY
MORGAN; All of the Benton County
Detention Center                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the plaintiff, Jason Bates, pursuant to 42 U.S.C. §

1983. The clerk is directed to file the *in forma pauperis* application and complaint. Before the

court is plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below,

it is the recommendation of the undersigned that plaintiff's *in forma pauperis* application be

denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, Bates is incarcerated at the Benton County

Detention Center (BCDC). He alleges that beginning in the second week of his incarceration he

has been repeatedly subjected to verbal assault by BCDC staff. Specifically, he states he is

referred to as "Master Bates." He indicates this tendency to refer to him in this manner has

spread throughout the BCDC and it is now commonplace among the listed defendants, as well

-1-

AO72A
(Rev. 8/82)

as a majority of the inmates.  He maintains the term is derogatory in nature, has sexual connotations, and is on occasion accompanied by gestures.

### Discussion

As noted above, Bates is incarcerated in the BCDC.  Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).  *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, plaintiff indicates he has no private funds, owns nothing of value, and has no funds in an inmate account. The information supplied by plaintiff appears to be sufficient to determine that plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted.  Clearly, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,*

-2-

826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

## Conclusion

Accordingly, it is the recommendation of the undersigned that plaintiff's request to proceed *in forma pauperis* be denied and the complaint be dismissed without prejudice.

Further, Bates is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act (PLRA). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**Bates has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Bates is reminded**

AO72A
(Rev. 8/82)

that objections must be both timely and specific to trigger de novo review by the district court.

DATED this _8_ day of September 2009.

_J. Marschewski_

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)